**No. 45451.**—Protests 974438–G, etc., of F. W. Woolworth Co. (Philadelphia).

Opinion by OLIVER, P. J.   In accordance with stipulation of counsel the metal figures in question were held dutiable at 45 percent under paragraph 397.  *United States* v. *Woolworth* (28 C. C. P. A. 196, C. A. D. 145) followed.

**No. 45452.**—Protests 24123–K, etc., of Associated Mdse. Corp. et al. (New York).

Opinion by OLIVER, P. J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, FEBRUARY 24, 1941

**No. 45453.**—Protests 750887–G, etc., of Hy. Knefely & Son (Baltimore).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and on the authority of *Kraft* v. *United States* (T. D. 47955) it was held that duty should have been assessed on the net weight of the cheese exclusive of the paper and foil. *United States* v. *Suzarte* (8 Ct. Cust. Appls. 99, T. D. 37219) cited.

BEFORE THE FIRST DIVISION, FEBRUARY 25, 1941

**No. 45454.**—Protests 8929–K, etc., of Wm. Shaland (New York).

Opinion by OLIVER, P. J.   It was stipulated that the merchandise consists of trick paddles, jump stick, and trick stick in chief value of wood similar to that the subject of Abstract 44028.   The claim at 33⅓ percent under paragraph 412 was therefore sustained.

**No. 45455.**—Protests 33705–K, etc., of Dan Brechner & Co. (New York).

Opinion by OLIVER, P. J.   In accordance with stipulation of counsel and on the authority of Abstract 40493 the balloons in question were held to be dutiable at 45 percent under paragraph 409 as claimed.

**No. 45456.**—Protests 988401–G, etc., of F. W. Woolworth Co. (Baltimore).

Opinion by OLIVER, P. J.   It was stipulated that the merchandise consists of figures in chief value of lead.   They were held dutiable at 3 cents per pound but not less than 22½ percent nor more than 45 percent ad valorem under paragraph 397 and T. D. 49753.   *United States* v. *Woolworth* (28 C. C. P. A. 196, C. A. D. 145) followed.

**No. 45457.**—Protests 13403–K, etc., of F. W. Woolworth Co. (Philadelphia).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of figures in chief value of lead. They were held dutiable at 3 cents per pound but not less than 22½ percent nor more than 45 percent ad valorem under paragraph 397 and T. D. 48753. *United States* v. *Woolworth* (28 C. C. P. A. 196, C. A. D. 145) followed.

**No. 45458.**—Protests 985780–G, etc., of F. W. Woolworth Co. (Baltimore).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel and on the authority of *United States* v. *Woolworth* (28 C. C. P. A. 196, C. A. D. 145) the claim at 45 percent under paragraph 397 was sustained.

**No. 45459.**—Protest 50288–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.

**No, 45460.**—Protests 982669–G, etc., of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.

**No. 45461.**—Protest 14012–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.

**No. 45462.**—Protests 989717–G, etc., of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.

**No. 45463.**—Protests 997908–G, etc., of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard* v. *United States* (5 Cust. Ct. 161, C. D. 391) it was held that the tax in question should have been assessed only on the net footage imported.

BEFORE THE THIRD DIVISION, FEBRUARY 25, 1941

**No. 45464.**—Protest 956199–G of Edw. & John Burke, Ltd. (Los Angeles).